[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11369

_____

D.C. Docket No. 4:14-cv-00024-HLM

JOSHUA PARNELL,

Plaintiff - Appellee,

versus

WESTERN SKY FINANCIAL, LLC, etc., et al.,

Defendants,

CASHCALL, INC.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 21, 2016)

Before TJOFLAT and HULL, Circuit Judges, and MENDOZA,[*] District Judge.

PER CURIAM:

Appellant CashCall, Inc. ("CashCall") appeals the district court's denial of its motion to compel arbitration.

Western Sky Financial, LLC ("Western Sky"), a third-party payday lender, made a loan to Appellee Joshua Parnell. The loan agreement contained an arbitration clause requiring the parties to resolve any dispute through binding arbitration. Although the parties could choose a variety of professional arbitration organizations to "administer" the arbitration, the arbitration clause stated that the arbitration itself "shall be" exclusively conducted by an "authorized representative" of the Cheyenne River Sioux Tribal Nation ("CRSTN"). The CRSTN exists solely within the geographic territory of South Dakota.

The loan agreement also contained a delegation provision, which stated that only an arbitrator, not a court, could decide whether the arbitration clause was enforceable.

CashCall purchased the loan that Western Sky had made to Parnell, assuming the rights to Parnell's repayment of the loan. After Parnell repaid the loan to CashCall, Parnell filed a putative class action complaint in Georgia state court against CashCall. The putative class action complaint alleged that the loan

[*]Honorable Carlos Eduardo Mendoza, United States District Judge, for the Middle District of Florida, sitting by designation.

2

agreement's terms imposed excessively high interest rates on borrowers, denied borrowers a right to be heard in a court of competent jurisdiction, and was otherwise unconscionable, in violation of the Georgia Payday Lending Act, O.C.G.A § 16-17-2.

CashCall removed the case to federal court. CashCall then moved to compel arbitration pursuant to the arbitration clause.

On April 28, 2014, the district court denied CashCall's motion to compel arbitration. The district court found that the loan agreement's designated tribal arbitrator was unavailable to arbitrate the dispute. The district court also found that the use of this unavailable, designated arbitrator was "integral" to the loan agreement. Therefore, the district court determined that a substitute arbitrator could not be appointed and the arbitration clause could not be enforced.

On May 9, 2014, CashCall appealed the district court's denial of the motion to compel arbitration. CashCall argued that the delegation provision allowed only an arbitrator to determine whether the arbitration clause was itself enforceable, and because Parnell had not specifically challenged the enforceability of the delegation provision, the delegation provision remained in effect. Therefore, according to CashCall, the district court erred in reviewing an issue left only to be decided by an arbitrator.

3

In Parnell v. CashCall, Inc., 804 F.3d 1142, 1144 (11th Cir. 2014) ("CashCall I"), this Court reversed and remanded the case to the district court. Citing Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 72 (2010), this Court agreed that Parnell must "articulate a challenge to the delegation provision specifically" to avoid sending the question of the arbitrations clause's enforceability to an arbitrator. Parnell had failed to do so. This Court accordingly remanded, noting that Parnell could seek leave from the district court to amend his complaint and add a specific challenge to the delegation provision.

On January 14, 2016, Parnell filed an amended complaint that included a new, specific challenge to the enforceability of the delegation provision. On January 28, 2016, CashCall moved to compel arbitration a second time.

On March 14, 2016, the district court again denied CashCall's motion to compel arbitration. The district court found that Parnell's amended complaint specifically challenged the delegation provision. The district court also reiterated its prior finding that the designated arbitrator was both unavailable and integral to the loan agreement. CashCall timely appealed.

After review, and with the benefit of oral argument, we conclude that the issues and outcome in this case are controlled by this Court's binding precedent in Parm v. National Bank of California, 835 F.3d 1331 (11th Cir. 2016). In a Western Sky dispute involving the same arbitration clause and delegation provision, this

4

Court affirmed a district court's denial of a similar motion to compel arbitration. Parm, 835 F.3d at 1334-38. The Parm Court held that the arbitration clause and delegation provision were both unenforceable and integral to the loan agreement. Id.

We recognize that CashCall makes these two arguments as to why Parm should not control: (1) this case involves a procedural failure to correctly challenge the delegation provision which did not exist in Parm; (2) CashCall has submitted evidence, not present in Parm, suggesting that professional arbitration organizations are actively conducting Western Sky loan agreement arbitrations.

Both claims lack merit. First, we conclude that Parnell's amended complaint properly and adequately challenged the delegation provision. For example, the amended complaint includes several paragraphs under the heading, "The Delegation Provision Is Void and Unenforceable." Second, the alternative Western Sky arbitrations that CashCall submits as evidence were not conducted by a CRSTN authorized representative. Parm expressly held that the loan agreement requires the use of such a CRSTN authorized representative. CashCall's efforts to distinguish Parm wholly fail for these and numerous other reasons.

Accordingly, we affirm the March 14, 2016 order of the district court.

**AFFIRMED.**